IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW SMITH,

        Plaintiff,             No.  CIV S-05-1982 DAD

    v.

MICHAEL J. ASTRUE,       <u>ORDER</u>
Commissioner of Social Security,[1]

        Defendant.
_____/

        This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security (Commissioner) is affirmed.

**PROCEDURAL BACKGROUND**

        On January 11, 2001, plaintiff Matthew Smith applied for Supplemental Security Income under Title XVI of the Act.  (Transcript (Tr.) at 103-14.)  The Commissioner denied plaintiff's application initially and on reconsideration.  (Tr. at 25-26, 37-40, 42-45.)

---

[1]  On February 12, 2007, Michael J. Astrue became the Acting Commissioner of Social Security.  Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1    Pursuant to plaintiff's request, a hearing was held before an administrative law

2 judge (ALJ) on November 24, 2003, at which time plaintiff was represented by counsel.  (Tr. at

3 46-49, 322-45.)  In a decision issued on February 9, 2004, the ALJ determined that plaintiff was

4 not disabled.  (Tr. at 30-33.)  Plaintiff requested review of the decision.  (Tr. at 78-84.)  The

5 Appeals Council accepted review of the ALJ's decision, and on May 20, 2004 vacated the

6 decision and remanded the case to the ALJ for further proceedings.  (Tr. at 85-89.)

7    On December 14, 2004, plaintiff and a vocational expert testified at a second

8 administrative hearing, at which plaintiff was again represented by counsel.  (Tr. at 346-64.)  The

9 ALJ ordered a post-hearing consultative orthopedic evaluation, which was prepared and admitted

10 into evidence on February 2, 2005.  (Tr. at 295-98.)  In a decision issued on March 23, 2005, the

11 ALJ determined that plaintiff was not disabled.  (Tr. at 11-23.)

12    The ALJ entered the following findings in this regard:

13    1.    The claimant has not engaged in substantial gainful activity
              since the alleged onset of disability.
14

15    2.    The claimant's borderline intelligence is a "severe"
              impairment, based upon the requirements in the
              Regulations (20 CFR § 416.920).
16

17    3.    This medically determinable impairment does not meet or
              medically equal one of the listed impairments in Appendix
              1, Subpart P, Regulation No. 4.
18

19    4.    The undersigned finds the claimant's allegations regarding
              his limitations are not totally credible for the reasons set
              forth in the body of the decision.
20

21    5.    The claimant has the following residual functional capacity
              for light, unskilled work:  sit/stand/walk 6 hours; lift/carry
              20 pounds occasionally and 10 pounds frequently;
22            occasional climbing, balancing, stooping, kneeling,
              crouching and crawling; and, can only perform simple
23            repetitive tasks.

24    6.    The claimant has no past relevant work (20 CFR §
              416.965).
25

26    7.    The claimant is a "younger individual between the ages of
              18 and 44" (20 CFR § 416.963).

8.  The claimant has "a limited education" (20 CFR § 416.964).

9.  The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 416.968).

10. The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR § 416.967).

11. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.17, Appendix 2, Subpart P, Regulation No. 4 would direct a conclusion of "not disabled."

12. The claimant's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations.  Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

(Tr. at 22-23.)

Plaintiff requested review of the ALJ's second decision, but the Appeals Council declined review on August 2, 2005.  (Tr. at 7-10, 302-08.)  Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 27, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599;

1  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389,

2  401 (1971)).

3          A reviewing court must consider the record as a whole, weighing both the

4  evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760

5  F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum

6  of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

7  substantial evidence supports the administrative findings, or if there is conflicting evidence

8  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

9  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

10  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

11  1335, 1338 (9th Cir. 1988).

12          In determining whether or not a claimant is disabled, the ALJ should apply the

13  five-step sequential evaluation process established under the Social Security regulations.  Title 20

14  of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability.

15  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized

16  as follows:

17          Step one: Is the claimant engaging in substantial gainful activity?
              If so, the claimant is found not disabled.  If not, proceed to step
18            two.

19          Step two: Does the claimant have a "severe" impairment?  If so,
              proceed to step three.  If not, then a finding of not disabled is
20            appropriate.

21          Step three: Does the claimant's impairment or combination of
              impairments meet or equal an impairment listed in 20 C.F.R., Pt.
22            404, Subpt. P, App. 1?  If so, the claimant is conclusively
              presumed disabled.  If not, proceed to step four.
23
              Step four: Is the claimant capable of performing his past work?  If
24            so, the claimant is not disabled.  If not, proceed to step five.

25          Step five: Does the claimant have the residual functional capacity
              to perform any other work?  If so, the claimant is not disabled.  If
26            not, the claimant is disabled.

4

1  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in

2  the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The

3  Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.;

4  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

5                                          **APPLICATION**

6          Plaintiff argues in his motion for summary judgment that the ALJ erred at step

7  three of the sequential evaluation by failing to consider Listing 12.05C, which concerns mental

8  retardation, and determine that plaintiff met all of the requirements of that listing.  Defendant

9  contends that plaintiff failed to meet his burden of demonstrating that his condition met or

10 equaled any impairment listed in Listing 12.05 and that the ALJ properly determined that

11 plaintiff's condition did not meet or equal Listing 12.05C.

12         At step three of the sequential evaluation, if a claimant demonstrates that he

13 suffers from a severe impairment that is either listed in Appendix 1 of the regulations or equal to

14 a listed impairment, he will be found disabled without regard to his age, education, and work

15 experience.  20 C.F.R. § 416.920(d).  The Listing of Impairments in Appendix 1 "describes for

16 each of the major body systems impairments that [are] consider[ed] to be severe enough to

17 prevent an individual from doing any gainful activity."  20 C.F.R. § 416.92(a).  However, a

18 claimant's impairment is not considered listed solely because he has the diagnosis of a listed

19 impairment.  Rather, the impairment must satisfy all of the medical criteria of the listing.  20

20 C.F.R. § 416.925(d).  See also Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Marcia v. Sullivan,

21 900 F.2d 172, 175 (9th Cir. 1990).

22         An impairment that is not listed in Appendix 1 may be found medically equivalent

23 to a listed impairment if it is "at least equal in severity and duration to the criteria of any listed

24 impairment."  20 C.F.R. § 416.926(a).  See also Tackett, 180 F.3d at 1099.  If a claimant has

25 more than one impairment, and none of them meets or equals a listed impairment, the

26 Commissioner must review the findings related to the claimant's impairments to determine

whether the findings are of medical significance equal to those of a listed impairment.  Id.  See

also Marcia, 900 F.2d at 175-76; 42 U.S.C. § 423(d)(2)(B); Social Security Ruling (SSR) 83-19

("An impairment 'meets' a listed condition . . . only when it manifests the specific findings

described in the set of medical criteria for that listed impairment.").

> Listing 12.05, titled "Mental Retardation," provides as follows:
>
> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. . . . ;
>
> B. . . . ;
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> OR
>
> D.  A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> > 1.  Marked restriction of activities of daily living; or
> > 2.  Marked difficulties in maintaining social functioning; or
> > 3.  Marked difficulties in maintaining concentration, persistence, or pace; or
> > 4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

In the present case, the ALJ determined at step two of the sequential evaluation

that plaintiff's borderline intelligence was a severe impairment.  (Tr. at 16.)  Continuing to step

three, the ALJ cited Listing 12.05, set forth that listing's explanation of "mental retardation,"

quoted the requirements of § 12.05D, found "no evidence that the claimant's IQ was low prior to

age 22," and determined that "[n]o treating or examining physician has mentioned findings that

1   meet or are equivalent in severity to the criteria of any listed impairment." (Id.)  Accordingly, the

2   ALJ concluded that plaintiff's mental impairment did not meet or medically equal any listed

3   impairment.  (Id. at 22.)

4            The language of Listing 12.05 specifically limits the impairment to mental

5   retardation "initially manifested during the developmental period; i.e., the evidence demonstrates

6   or supports onset of the impairment before age 22."  Here, the ALJ found no evidence that the

7   44-year-old plaintiff's IQ level "was low prior to age 22."

8            In support of his motion for summary judgment, plaintiff argues that an ALJ has a

9   duty at step three of the evaluation process to make a determination as to whether any of the

10  claimant's impairments meet or equal any listed impairment set forth in the Listing of

11  Impairments.  Although the ALJ has a duty to make the determination required at step three, it is

12  the claimant who bears the burden of proof.  See Yuckert, 482 U.S. at 146 n.5.  It was therefore

13  plaintiff's burden to prove the existence of "significantly subaverage general intellectual

14  functioning with deficits in adaptive functioning" that initially manifested itself before age 22.

15           Plaintiff cites evidence of psychodiagnostic evaluations performed in 2004 and

16  2002 as evidence that his current IQ meets the first prong of Listing 12.05C.  Plaintiff argues that

17  his placement in special education classes in school and his subsequent inability to engage in

18  consistent work activity demonstrate that his mental functioning has been the same throughout

19  his life and manifested itself before age 22.  Plaintiff does not point to any medical or educational

20  records concerning his IQ or any other aspect of his intellectual and adaptive functioning prior to

21  age 22.

22           The court has been unable to find any evidence in the record concerning plaintiff's

23  intellectual functioning before the age of 22.  In the absence of such evidence, plaintiff's

24  argument that he meets the requirements of Listing 12.05C is unsupported.  Substantial evidence

25  supports the ALJ's determination at step three of the sequential evaluation.

26  /////

1

## CONCLUSION

2      Accordingly, the court HEREBY ORDERS that:

3      1.  Plaintiff's motion for summary judgment is denied;

4      2.  Defendant's cross-motion for summary judgment is granted; and

5      3.  The decision of the Commissioner of Social Security is affirmed.

6  DATED: March 8, 2007.

7

8  _____

9  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

10  DAD:kw
    Ddad1/orders.socsec/smith1982.order

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26